**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
*Cagkan Firat*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAGKAN FIRAT, | Case No.: |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF: |
| vs. | (1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.; AND |
| SIMM ASSOCIATES, INC., | |
| Defendant. | (2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ. |
| | JURY TRIAL DEMANDED |

///
///
///
///
///
///
///
///
///

- 1 -
COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff CAGKAN FIRAT ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of SIMM ASSOCIATES, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k); and 28 U.S.C. § 1367 for substantially related state law claims.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the

County of Fresno, State of California which is within this judicial district; (ii) the conduct and harm complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## **PARTIES**

14. Plaintiff is a natural person who resides in the County of Fresno, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

15. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant is, and at all times mentioned herein was, a corporation registered and formed under the laws of the State of Delaware with a primary place of business and/or headquarters is located in Newark, Delaware.

17. At all times relevant herein, Defendant conducted business in the State of California and in the County of Fresno, and within this judicial district.

18. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

//
//
//
//

**FACTUAL ALLEGATIONS**

20. Plaintiff is an individual residing within the County of Fresno, in the State of California.
21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.
22. Sometime before October 2022, Plaintiff allegedly incurred financial obligations to an original creditor that were money, property, or their equivalent, (the "Debt") which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d), and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).
23. Sometime thereafter, but before October 2022, Plaintiff allegedly fell behind in the payments owed on the Debt.
24. Afterwards, sometime before October 2022, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in attempt to collect upon the Debt.
25. On October 10, 2022, Defendant sent Plaintiff a communication via email in attempt to collect upon the alleged Debt.
26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).
27. This communication by Defendant was a "debt collection" as that phrase is defined by Cal. Civ. Code 1788.2(b).
28. In this collection communication, Defendant failed to provide Plaintiff with proper written notice as required pursuant to 15 U.S.C. § 1692g of the FDCPA.
29. The same day, on October 10, 2022, Plaintiff sent an email to Defendant informing Defendant that the alleged Debt was disputed, asking Defendant to

cease all further telephone communications, and demanding that Defendant only respond to the dispute only and only in writing.

30. On or around October 26, 2022, despite the abovementioned cease and desist request, Defendant contacted Plaintiff again by telephone through a text message in attempt to collect on the alleged Debt. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

31. On or around October 28, 2022, Defendant contacted Plaintiff again by telephone through a text message in attempt to collect on the alleged Debt despite Plaintiff's abovementioned written cease and desist request. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

32. Thereafter, on or around November 2, 2022, Defendant contacted Plaintiff again by telephone through a text message in attempt to collect on the alleged Debt despite Plaintiff's abovementioned written cease and desist request. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

33. Also, on or around November 7, 2022, Defendant contacted Plaintiff again by telephone through a text message in attempt to collect on the alleged Debt despite Plaintiff's abovementioned written cease and desist request. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

34. The abovementioned telephonic communications from Defendant were "communication(s)" as 15 U.S.C. § 1692a(2) defines that term, and "debt

collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

35. Defendant's communications to Plaintiff in connection with the attempted collection of the alleged Debt were unsolicited and not in response to an inquiry from Plaintiff. Defendant's communication was neither made to advise Plaintiff that further debt collection efforts were being terminated, nor made to notify Plaintiff that Defendant could or would invoke a specified remedy. Instead, Defendant's communications aimed to collect Plaintiff's Debt without any permission from Plaintiff and after Defendant received Plaintiff's express written request that Defendant cease further telephonic communications regarding the Debt and that Defendant only respond to the dispute and only in writing.

36. Through the above conduct, Defendant violated 15 U.S.C. § 1692c(c) by persisting to contact Plaintiff by telephone after Plaintiff's cease and desist request. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

37. Through the above conduct, Defendant violated 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

38. Through the above conduct, Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

39. Through all the above-mentioned conduct, Defendant took action against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendant has violated 15 U.S.C. §§ 1692g; and sections 1692c(c), 1692d, and 1692f which are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

40. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered invasion of privacy, nuisance, and mental anguish by way of stress, frustration, and anxiety over the fact that Defendant repeatedly continued its collection communications to Plaintiff despite receiving Plaintiff's written request that Defendant cease and desist communication with Plaintiff.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.
43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788, et seq. (RFDCPA)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
45. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.
46. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages

for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant; and
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

47. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: November 9, 2022          Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  s/ Mona Amini
　　　David J. McGlothlin, Esq.
　　　Mona Amini, Esq.
　　　*Attorneys for Plaintiff*